UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1
WELFARE FUND, ADDITIONAL SECURITY BENEFIT
FUND, VACATION & HOLIDAY FUND, TRADE
EDUCATION FUND AND 401(K) SAVINGS PLAN,
TRUSTEES OF THE PLUMBERS AND PIPEFITTERS
NATIONAL PENSION FUND, AND TRUSTEES OF THE
INTERNATIONAL TRAINING FUND,

                      Plaintiffs,

    -against-                                REPORT AND
                                                          RECOMMENDATION
                                                          CV-08-3939 (CBA)(SMG)

WILLIAM J. KENNEDY PLUMBING, INC.,
WILLIAM J. KENNEDY, and NAVIGATORS
INSURANCE COMPANY,

                      Defendants.
-------------------------------------------------------------------------X
GOLD, S., *United States Magistrate Judge*:

## Introduction

Plaintiffs, trustees of various employee benefit funds (collectively, the "Funds"), bring this action pursuant to the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiffs seek to recover amounts allegedly owed by defendant William J. Kennedy Plumbing, Inc. ("Kennedy Plumbing") for delinquent contributions.[1] Plaintiffs also seek to recover interest, liquidated damages, audit costs, and attorney's fees and costs related to defendant's delinquencies. Upon plaintiffs' application and in light of defendant's failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of the defendant on

---

[1] A stipulation of dismissal of plaintiffs' claims against Navigators Insurance Company was entered as a court order by Judge Amon on March 4, 2009. Docket Entry 13. In addition, Judge Amon dismissed the claims against individual defendant William J. Kennedy on July 22, 2009 for failure to effect service within the time required. Docket Entry 14.

December 1, 2008.  The Honorable Carol B. Amon then referred the matter to me to conduct an inquest and to report and recommend on the amount of damages, if any, to be awarded.  Docket Entry 14.

Plaintiffs have submitted a declaration of their counsel ("Virginia Decl.") as well as exhibits in support of their application for damages.[2]  Docket Entry 11.  I determine what damages to recommend based on these submissions.

## Discussion

*1.    Liability*

Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability.  *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049 (1993); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992).  Even after a defendant has defaulted, "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default."  *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted).  *See also Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981).

Plaintiffs have established the elements of liability required to state a claim pursuant to 29 U.S.C § 1145.  Plaintiffs are multiemployer benefit plans as defined by ERISA.  Compl. ¶¶ 4-8.  Defendant Kennedy Plumbing is an employer in an industry affecting interstate commerce as defined by ERISA.  *Id*. ¶ 9.  Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union") entered into a collective bargaining agreement effective July 1, 2004 through June 30,

---

[2] Plaintiffs' counsel refers to the exhibits by letter in his affirmation; however, the exhibits were electronically filed by number.  To avoid confusion, I refer to the exhibits by number.

2

2007 ("2004-2007 CBA"), and a Mechanical Equipment Service Agreement effective October 1, 2005 through September 30, 2009 (collectively, the "CBAs") with the Association of Contracting Plumbers of the City of New York, Inc. Virginia Decl. Exs. 6 & 7. Kennedy Plumbing signed letters of assent ("LOAs") obliging it to comply with the CBAs.[3] *Id*. Pursuant to the LOAs and the CBAs, Kennedy Plumbing was required to make contributions on behalf of its union-member employees to the Funds. In their complaint, plaintiffs allege that Kennedy Plumbing failed to make contributions for the period from October 1, 2004 through March 31, 2007. Compl. ¶¶ 23-24. Defendant's failure to make contributions as required by the CBAs constitutes a violation of ERISA, and its liability has therefore been established.

   2.   *Damages*

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id*. A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Defendant has not submitted any opposition to plaintiffs' motion. Accordingly, a hearing on the issue of damages is not warranted.

---

[3] The pertinent provisions from the CBAs are identical. For ease of reference, I will refer to the 2004-2007 CBA.

The types of relief that may be awarded for a violation of Section 1145 are enumerated in Section 1132(g)(2), which provides that the court shall award the plan–

>  (A) the unpaid contributions,
>  (B) interest on the unpaid contributions,
>  (C) an amount equal to the greater of–
>      (i) interest on the unpaid contributions, or
>      (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>  (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>  (E) such other legal or equitable relief as the court deems appropriate

29 U.S.C. § 1132(g)(2).

### a. Unpaid Contributions/Audit Deficiency

In July 2008, the Funds completed an audit of Kennedy Plumbing's payroll records for the period from October 1, 2004 through March 31, 2007. Virginia Decl. ¶ 16. The audit revealed that Kennedy Plumbing had failed to make contributions for this period in the total amount of $197,470.80. Virginia Decl. ¶ 17 & Ex. 8. As proof of the deficiency, plaintiffs have submitted a letter sent to Kennedy Plumbing dated September 8, 2008, requesting payment, and a copy of the audit report attached to the letter. *Id.*, Ex. 8. I conclude that the letter and audit report constitute sufficient proof upon which to base an award of damages. Accordingly, I recommend that the Funds be awarded $197,470.80 in unpaid contributions as demonstrated by the audit.

### b. Interest and Liquidated Damages

Plaintiffs also seek an award of interest and liquidated damages on the unpaid contributions. For ERISA violations, Section 1132 states that interest is calculated "using the rate provided for under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). Pursuant to the 2004-2007 CBA, the applicable interest rate is 10% per

4

annum. Virginia Decl. Ex. 7, Art. 2, § 23. In their motion for default judgment, plaintiffs seek an award of interest beginning from February 4, 2006, a midway date for the period of delinquency.[4] Virginia Decl. ¶ 21. Accordingly, I recommend that the Funds be awarded interest at the rate of 10% per annum on $197,470.80 in unpaid benefit contributions, beginning from February 4, 2006, to be calculated by the Clerk of the Court through the date of judgment. Section 1132 also provides for an award of liquidated damages equal to the greater of the interest due or the amount provided for under the plan, up to a maximum amount of 20% of the unpaid contributions. Here, the interest on the unpaid contributions is greater than 20% of the total amount due and owing. Pursuant to Section 1132, I therefore find that plaintiffs are entitled to liquidated damages equal to the interest awarded through the date of judgment.

    c. Audit Costs

Plaintiffs also seek costs related to the audit in the amount of $10,567.50. Virginia Decl. ¶ 29; Compl. ¶ 27. "Requests for audit costs are generally determined by utilizing the same standards the court applies in awarding attorneys' fees . . . [and thus] must include, at minimum, some breakdown of the auditors' rates charged and hours expended." *Trustees of Plumbers Local Union No. 1 Welfare Fund v. Axiom Plumbing & Heating Corp.*, 2009 WL 2461738, at *5 (E.D.N.Y. Aug. 11, 2009) (internal citations and quotation marks omitted). Although I afforded plaintiffs two opportunities to supplement their submission in support of damages, see Orders dated July 23, 2009 (Docket Entry 15) and September 21, 2009, plaintiffs have not submitted a statement of the auditor's hourly rate and time expended, or provided any other explanation for the amount of audit costs they seek. I therefore recommend that audit costs not be awarded. *See*

---

[4] New York law permits the accrual of pre-judgment interest from a "single reasonable intermediate date" when damages are incurred over a period of time. *See* N.Y. C.P.L.R. 5001(b).

*id.* (denying request for audit costs where the time records submitted by plaintiffs were "devoid of any meaningful explanation specifying what work was performed").

      d. <u>Attorney's Fees and Costs</u>

Finally, plaintiffs seek reimbursement for $3,602.25 in attorney's fees and $380 costs. Virginia Decl. ¶ 30. In the Second Circuit, courts determine a "presumptively reasonable fee" award by calculating the product of the hours reasonably expended and a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008).

With respect to the time expended, plaintiffs have complied with *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), which requires that contemporaneous time records be submitted with all fee applications. *See* Virginia Decl. Ex. 9. A total of 22.31 hours was spent on this matter: 14.42 hours of attorney work and 7.89 hours of paralegal work. *Id.* My review of counsel's records indicates that the time expended appears reasonable and should be approved. *See, e.g., Masino v. Columbus Constr. Co.*, 2009 WL 2566956, at *7 (E.D.N.Y. Aug. 19, 2009) (awarding fees in ERISA default case for 15.45 hours of attorney work and 4.8 hours of paralegal work).

In determining a reasonable hourly rate, courts consider whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is the district in which the action is commenced. *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 369 F.3d at 97. The Second Circuit has cautioned that courts must find "exceptional circumstances" to justify deviating from the rule that the relevant community is the district in which the action lies. *Id. See also Simmons v. New York City Transit Auth.*, 575

6

F.3d 170, 175-76 (2d Cir. 2009) (holding that, to award higher out-of-district rates, "a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result").

Plaintiffs' counsel requests $200 per hour for their associates on this matter. Virginia Decl. ¶ 30. I find that the requested rate is reasonable and therefore recommend that plaintiffs be awarded $2,884 in attorney's fees ($200 hour for 14.42 hours). *See, e.g., Axiom Plumbing & Heating Corp.*, 2009 WL 2461738, at *4 (approving $200 per hour for associates in ERISA default action).

In addition, plaintiffs seek $90 per hour for their paralegals. Virginia Decl. ¶ 30. Recent cases awarding fees in the Eastern District of New York indicate that counsel's requested paralegal rate is higher than those typically approved in an ERISA default action. *See, e.g., Finkel v. Jones Lang LaSalle Americas, Inc.*, 2009 WL 5172869, at *5 (E.D.N.Y. Dec. 30, 2009) (finding $80 per hour for paralegals reasonable); *La Barbera v. Cab II Enterprises, Inc.*, 2009 WL 2447498, at *8 (E.D.N.Y. Aug. 10, 2009) (same); *Labarbera v. High Power Trucking Corp.*, 2009 WL 1011692, at *3 (E.D.N.Y. Mar. 2, 2009) (same). Because the rate requested is higher than ordinarily approved in this District, and plaintiffs have not established that they are entitled to this higher rate, I recommend that plaintiffs' rate for paralegal work be reduced to $80 per hour for a total of $631.20 in paralegal fees ($80 per hour for 7.89 hours).

Lastly, the costs for the court filing fee and service of process ($380) are reasonable and should also be approved. Thus, for the reasons stated above, I recommend that plaintiffs be awarded a total of $3,895.20 in attorney's fees and costs.

**Conclusion**

For the reasons set forth above, I respectfully recommend that Kennedy Plumbing be held liable to the Funds for the following: (1) $197,470.80 in unpaid contributions; (2) interest at the rate of 10% per annum on $197,470.80 beginning from February 4, 2006, to be calculated by the Clerk of the Court through the date of judgment; (3) liquidated damages in an amount equal to the interest awarded through the date of judgment; and (4) $3,895.20 in attorney's fees and costs.

Any objections to the recommendations made in this Report must be filed within fourteen days of this Report and Recommendation and, in any event, on or before March 8, 2010. Failure to file timely objections may waive the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiffs are hereby directed to serve a copy of this Report upon defendant at its last known address, and to file proof of service with the Court.

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Brooklyn, New York
February 18, 2010

U:\IRM 2008-2009\Damages Inquests\Trustees v. Kennedy Plumbing\trustees v. kennedy plumbing_damages inquest.docx